In the Matter of JEROME GROSS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 5, 1993

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Jerome Gross,* Brooklyn, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the Special Referee sustained all three charges of professional misconduct alleged against the respondent. The petitioner moved to confirm the report of the Special Referee and the respondent submitted an affirmation in response thereto.

Charge One alleged that the respondent failed to maintain a special bank account for the deposit and safekeeping of funds belonging to other persons incident to his practice of law. From his admission to practice until April 19, 1990, the respondent continuously practiced law as either a sole practitioner or with a single law partner. In that capacity, the respondent was entrusted with funds belonging to clients or other persons incident to the practice of law.

In failing to maintain a special bank account separate from his law firm's general business account, the respondent had no place in which to deposit funds belonging to clients or other persons incident to the practice of law and to safeguard these from his general funds.

Charge Two alleged that the respondent improperly commingled funds entrusted to him to be held in escrow with funds utilized by him for business purposes. Between January 1984 and April 1990 the respondent maintained a checking account at Republic National Bank, denominated "Jerome Gross, Stanley Gross, Attorneys-at-Law", which he used for all general business purposes relating to his practice of law. During that interval, the respondent deposited into that account funds which he used for business purposes relating to his practice of law.

In or about July 1984 the respondent deposited into the aforementioned account a check for $6,750 from St. Paul Fire and Marine Insurance Co., representing the settlement proceeds of a personal injury matter for a client.

In August 1984 the respondent deposited into that same account the amount of $21,000, representing settlement proceeds of a second personal injury action for that client.

In or about December 1986 the respondent deposited into that same account a check for $4,000 from Nationwide Insurance Company, representing the settlement proceeds of a personal injury action for a client.

Charge Three alleges that the respondent failed to maintain

required records for the checking account into which he had deposited funds entrusted to him to be held in escrow. The respondent failed to maintain a ledger book or similar record showing the source of all funds deposited, the names of all persons for whom the funds were held, the amount of funds, the charges or withdrawals from the account and the names of all persons to whom funds were disbursed.

After reviewing all of the evidence adduced, we find that the Special Referee properly sustained the three charges of professional misconduct. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration that none of the charges involves conversion. The respondent has not been accused of any misapplication of client funds or breach of client trust. Moreover, the respondent is now in compliance with the rules of this Court with respect to the maintenance of escrow accounts. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Jerome Gross, is hereby censured for his professional misconduct.