[723 NYS2d 51]

In the Matter of JEROME GROSS and STANLEY GROSS, Attorneys, Respondents. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 26, 2001

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Morton A. Gross*, New York City, for respondents.

### OPINION OF THE COURT

Per Curiam.

The respondents were served with a petition containing 12

charges of professional misconduct. Charge Twelve was subsequently withdrawn. In their answer, the respondents denied the remaining 11 charges. After a hearing, the Special Referee sustained only Charges Eight and Ten. The Grievance Committee moves to confirm the Special Referee's report insofar as it sustained Charges Eight and Ten and to disaffirm the report insofar as it failed to sustain the remaining charges. The respondents cross-move to confirm the Special Referee's report insofar as it failed to sustain Charges One through Seven, Nine, and Eleven and to disaffirm the report insofar as it sustained Charges Eight and Ten. We find that Charges Eight, Nine, and Ten are sustained, and the remaining charges are not sustained.

Charge Eight alleged that the respondents improperly converted the accrued interest on clients' funds, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46), and that they thereby engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), and conduct adversely reflecting on their fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between March 1992 and October 1995, the funds in the respondents' attorney escrow account earned interest in the amount of approximately $6,000, all or part of which belonged to clients or third parties. The respondents failed to disburse the interest to the clients or third parties.

Charge Nine alleged that the respondents improperly commingled their personal funds with clients' funds entrusted to them as fiduciaries, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), thereby engaging in conduct adversely reflecting on their fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between March 1992 and October 1995, the respondents deposited clients' funds into their attorney escrow account and allowed their legal fees to accumulate and remain therein with the clients' funds.

Charge Ten alleged that the respondents failed to maintain the required records for their attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) (1) and (2) (22 NYCRR 1200.46 [d] [1], [2]), thereby engaging in conduct adversely reflecting on their fitness to practice law, in violation

of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between March 1992 and October 1995, the respondents failed to maintain records of all deposits into and withdrawals from their attorney escrow account showing the date, source, and description of each item deposited, as well as the date, payee, and purpose of each withdrawal or disbursement. The respondents also failed to maintain a ledger book or similar record for their attorney escrow account showing the source of all funds deposited therein, the names of all persons for whom funds were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed.

Based on the evidence adduced at the hearing, Charges Eight, Nine, and Ten are sustained.

In determining the appropriate measure of discipline to impose, the respondents ask the Court to consider that they have practiced law for more than 30 years in the heart of the Bedford-Stuyvesant section of Brooklyn, serving mostly minority clients. The respondents also ask the Court to consider that all of their clients were paid immediately upon receipt of their settlement checks and that no client suffered a financial loss or filed a complaint against them.

Stanley Gross has no prior disciplinary history. Jerome Gross was censured by an opinion and order of this Court dated April 5, 1993, for failing to maintain a special bank account for clients' funds, commingling, and failing to maintain required bookkeeping records (see, Matter of Gross, 189 AD2d 181).

Under the totality of the circumstances, the respondent Stanley Gross is censured, and the respondent Jerome Gross is suspended from the practice of law for a period of one year.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and FRIEDMANN, JJ., concur.

Ordered that the Grievance Committee's motion is granted to the extent that Charges Eight, Nine, and Ten are sustained and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted to the extent that Charges One, Two, Three, Four, Five, Six, Seven, and Eleven are not sustained and the cross motion is otherwise denied; and it is further,

Ordered that the respondent Stanley Gross is censured for his professional misconduct; and it is further,

Ordered that the respondent Jerome Gross is suspended from the practice of law for a period of one year, commencing April

26, 2001, and continuing until the further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of that period of one year upon furnishing satisfactory proof that during that period, (a) he has refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent Jerome Gross shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.