[730 NYS2d 558]

In the Matter of JEROME GROSS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 1, 2001

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Morton A. Gross,* New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

By opinion and order of this Court dated March 26, 2001,

281 AD2d 67, the respondent was suspended from the practice of law for a period of one year in an unrelated proceeding.

The respondent was served in this proceeding with a petition containing three charges of professional misconduct. In his answer, the respondent denied that he was guilty of any professional misconduct. After a hearing, the Special Referee sustained all three charges. The petitioner now moves to confirm the Special Referee's report, and the respondent cross-moves to disaffirm the report and dismiss the charges.

All three charges against the respondent are based on the following factual allegations:

The respondent agreed to represent his mother-in-law, Betty Spitzel, in an action to recover damages for personal injuries arising from an alleged fall on a sidewalk in New York County on September 16, 1996. On October 8, 1996, the respondent filed a notice of claim with the Comptroller of the City of New York. On January 24, 1997, he attended a deposition of Ms. Spitzel pursuant to General Municipal Law § 50-h. By a summons and complaint served on March 4, 1997, he commenced an action against the City of New York (hereinafter the City) on behalf of Ms. Spitzel. By another summons and complaint dated March 4, 1997, he commenced a separate action against, among others, the Consolidated Edison Company of New York (hereinafter Con Ed) on behalf of Ms. Spitzel. On April 18, 1997, the City served an answer, and Con Ed served a verified answer and cross-complaint. On July 3, 1997, the respondent attended a settlement conference in the action against the City and rejected a proposed settlement. On July 25, 1997, he filed a note of issue in the Supreme Court, New York County, in the action against the City. On October 6, 1997, Con Ed brought a third-party action against the City. On November 5, 1997, the City served an answer to the third-party complaint.

On December 17, 1997, the respondent appeared at a pre-trial conference in Ms. Spitzel's action against the City. Also present was Assistant Corporation Counsel Maurine Netchin, who was concerned that Con Ed might be involved in the case. The respondent failed to inform the Judge or Ms. Netchin that he had commenced a separate action against Con Ed on behalf of Ms. Spitzel, and that the City was a third-party defendant in that action. At the end of the conference, Ms. Netchin agreed to settle the action against the City for $40,000.

Thereafter, on the same day, the respondent proposed to Con Ed's Assistant General Counsel Elizabeth Burkland that she

settle Ms. Spitzel's action against Con Ed. However, he failed to disclose to Ms. Burkland that he had commenced a separate action against the City. He also failed to disclose that he had settled that action earlier in the day. When Ms. Burkland learned about Ms. Spitzel's action against the City and that it had been settled, she rejected the respondent's request to settle the action against Con Ed.

On December 18, 1997, Ms. Spitzel executed a release, pursuant to the agreement reached between the respondent and Ms. Netchin, settling her action against the City for $40,000. The respondent notarized Ms. Spitzel's signature on the release, and sent it to Ms. Netchin on or about December 18, 1997.

On February 9, 1998, Ms. Spitzel died of natural causes unrelated to the injuries she allegedly sustained on September 16, 1996. The respondent knowingly failed to disclose to the court or the parties that Ms. Spitzel had died.

By order to show cause dated February 17, 1998, the City moved to vacate the settlement, based on the respondent's failure to disclose that Ms. Spitzel had another action pending in which it was a third-party defendant, and to consolidate the two actions. In his affirmation in opposition to the order to show cause, dated February 23, 1998, the respondent knowingly failed to disclose that Ms. Spitzel had died. On February 27, 1998, at oral argument on the motion, the respondent again knowingly failed to disclose that Ms. Spitzel had died. By order dated March 9, 1998, the settlement was vacated, and the two actions were consolidated. In its decision, the Supreme Court noted:

> "As plaintiff's counsel failed to inform defendant City that another action for the same incident was brought against Con Ed and others, there was no meeting of the minds re settlement."

At several subsequent pretrial conferences in the consolidated action, the respondent knowingly failed to disclose to the court or the parties that Ms. Spitzel had died. On October 8, 1998, at a pretrial conference at which he failed to disclose that Ms. Spitzel had died, the respondent negotiated a settlement of the consolidated action in the amount of $22,500. The City and Con Ed were to pay $11,250 each. Thereafter, without disclosing that Ms. Spitzel had died, the respondent submitted to Con Ed a release bearing the words, "I, Betty Spitzel, residing at 41 West 72nd Street, New York, N.Y., being over the

age of twenty-one." The respondent had notarized Ms. Spitzel's signature on the release on December 18, 1997, before her death, and filled in a settlement amount thereafter. However, the settlement amount listed on the release by the respondent was $11,125. When Con Ed brought this error to his attention, the respondent changed the settlement amount to $11,250 and submitted an amended release to Con Ed. He again knowingly failed to disclose to Con Ed that Ms. Spitzel had died. The respondent notarized Ms. Spitzel's signature on the amended release on December 17, 1997, before her death, and filled in the settlement amount thereafter.

The respondent then submitted to the City a release bearing the words, "I, Betty Spitzel, residing at 41 West 72nd Street, New York, N. Y., being over the age of twenty-one." He knowingly failed to disclose to the City that Ms. Spitzel had died. The respondent had notarized Ms. Spitzel's signature on that release on December 18, 1997, before her death, and filled in the settlement amount thereafter.

Charge One alleged that based on the foregoing allegations, the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Two alleged that based on the foregoing allegations, the respondent engaged in conduct that was prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), and Charge Three alleged that based on the foregoing allegations, the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

Based on the evidence adduced at the hearing, including the respondent's admissions, all three charges were properly sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the respondent contends that a sanction pursuant to 22 NYCRR 130-1.1 is appropriate. The respondent's prior disciplinary history consists of a public censure and a one-year suspension.

Under the totality of the circumstances, the respondent is disbarred.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee and dismiss the charges is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jerome Gross, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jerome Gross is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.