[803 NYS2d 622]

In the Matter of STANLEY GROSS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 26, 2005

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Morton A. Gross*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated May 27, 2004, containing six charges of professional misconduct. Following a preliminary conference and a hearing, the Special Referee sustained Charges One, Two, Three, Four, and Six, and did not sustain Charge Five. The Grievance Committee now moves to confirm the Special Referee's report insofar as it sustained Charges One, Two, Three, Four, and Six, to disaffirm the report insofar as it did not sustain Charge Five, and to impose such discipline as the Court deems just and proper. The respondent opposes the Grievance Committee's motion, and cross-moves to confirm the report insofar as it did not sustain Charge Five of the petition, to disaffirm the report insofar as it sustained Charges One, Two, Three, Four, and Six, and to dismiss Charge Six of the petition.

Charge One alleges that the respondent improperly converted interest accrued on clients' funds, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between January 1, 2001, and July 10, 2002, the respondent and his then-law partner, Jerome Gross, maintained an attorney escrow account, HSBC 660-45000-3, denominated "Jerome Gross, Stanley Gross Escrow Account," into which they deposited funds belonging to the firm's clients or third parties. Jerome Gross was suspended from the practice of law, effective April 26, 2001, by opinion and order of this Court dated March 26, 2001 (*see Matter of Gross*, 281 AD2d 67 [2001]).

Subsequent to April 26, 2001, the respondent continued to maintain the HSBC account as his attorney escrow account,

which was still denominated "Jerome Gross, Stanley Gross Escrow Account." Between January 1, 2001, and July 10, 2002, when the attorney escrow account was closed, the funds deposited into it earned interest in the amount of $1,943.94. The respondent failed to disburse the earned interest to his clients or the appropriate third parties.

Charge Two alleges that the respondent improperly commingled personal funds with funds entrusted to him incident to his practice of law in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

After April 26, 2001, the respondent continued to maintain HSBC account 660-45000-3 as his attorney escrow account, which was still denominated "Jerome Gross, Stanley Gross Escrow Account."

Between January 1, 2001, and July 10, 2002, when this attorney escrow account was closed, the respondent allowed legal fees earned by him to accumulate and remain in this account, together with funds that had been deposited into it incident to the respondent's practice of law. Between January 1, 2001, and July 10, 2002, the respondent allowed legal fees earned by Jerome Gross to accumulate and remain in this account, together with funds that had been deposited into it incident to the respondent's practice of law.

Charge Three alleges that the respondent failed to maintain required bookkeeping records for his attorney escrow account in violation of Code of Professional Responsibility DR 9-102 (d) (1), (2) and (8); (j) (22 NYCRR 1200.46 [d] [1], [2], [8]; [j]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between January 1, 2001, and July 10, 2002, when this attorney escrow account was closed, the respondent failed to maintain records of all deposits into and withdrawals from this account showing the date, source, and description of each item deposited, and the date, payee, and purpose of each withdrawal or disbursement. The respondent also failed to maintain a ledger book or similar record for his attorney escrow account showing the source of all funds deposited into this account, the names of all persons for whom the funds are or were held, the amount of such funds, the description, and amounts, and the names of all persons to whom such funds were disbursed. Further, between January 1, 2001, and July 10, 2002, the respondent failed to maintain all checkbooks and check stubs, bank statements, pre-numbered canceled checks, and duplicate deposit slips for his attorney escrow account.

Charge Four alleges that the respondent failed to produce required bookkeeping records for his attorney escrow account in relation to a legitimate investigation by the Grievance Committee into his alleged professional misconduct, in violation of Code of Professional Responsibility DR 9-102 (i) and (j) (22 NYCRR 1200.46 [i], [j]) and DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated March 3, 2003, the Grievance Committee directed the respondent to produce specified bookkeeping and bank records for his attorney escrow account for the period June 2001 to June 2002 at an investigative session scheduled to be held on the following day at the Grievance Committee's office. After that investigative session was rescheduled to March 14, 2003, by letter dated March 6, 2003, the respondent was again directed to produce the specified records for his attorney escrow account at the rescheduled session. The respondent did not produce all the specified records for his attorney escrow account when he appeared at the investigative session on March 14, 2003.

By letter dated March 14, 2003, the respondent was again directed to produce specified records for his attorney escrow account for the period June 2001 to June 2002, on or before March 21, 2003. The respondent failed to produce all the specified records for his attorney escrow account by that date.

By letter dated April 21, 2003, the respondent was again directed to produce specified records for his attorney escrow account for the period June 2001 to June 2002, on or before May 12, 2003. The respondent failed to produce all the specified records for his attorney escrow account when he appeared at the investigative session on May 16, 2003.

Charge Five alleges that the respondent improperly held himself out as being in partnership with a suspended attorney, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

Between April 26, 2001, and July 10, 2002, when the attorney escrow account was closed, the respondent continued to draw checks against it, which checks bore the title "Jerome Gross, Stanley Gross Escrow Account." After April 26, 2001, the respondent continued to use stationery that bore the letterhead, "Gross and Gross, Attorneys and Counsellors at Law."

Charge Six alleges that the respondent took legal fees from a client in a real estate transaction without her knowledge or

consent, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

In or about July 2001, Katherine Smith retained the respondent to represent her in a real estate transaction. By or about October 22, 2001, Ms. Smith paid the respondent a total of $950, which she believed represented payment of his legal fees in full. However, on or about April 18, 2002, at the closing of title for the property Ms. Smith was selling, the respondent deducted additional legal fees of $1,500 from the proceeds of the sale without Ms. Smith's knowledge or consent.

The Grievance Committee's case consisted of the testimony of Katherine Smith, with 14 exhibits in evidence relating to her testimony, and 12 additional exhibits, previously marked for identification at the prehearing conference. The exhibits included (a) exhibit 1—monthly statements from HSBC bank account 660-45000-3, denominated "Jerome Gross, Stanley Gross Escrow Account" from March 2001 through July 2002, (b) exhibit 2—a chart reflecting that the law firm's escrow account earned interest in the amount of $1,369.74 for 2001 and $574.20 for 2002, (c) exhibit 5—pages from a looseleaf binder identified as the respondent's ledger book with cancelled checks, deposit slips and deposited items from the law firm's escrow account, (d) exhibit 6—the check stub register from the law firm's escrow account, (e) exhibit 22—the respondent's original written answer to Ms. Smith's complaint dated October 16, 2002, and (f) exhibit 24—the respondent's additional answer to the complaint dated November 5, 2002, both on stationery with letterhead stating: "Gross and Gross, Attorneys and Counsellors at Law."

The respondent appeared with his attorney, Morton A. Gross, testified on his own behalf, and presented three witnesses with respect to Charge Six involving the complaint of Ms. Smith.

The credible evidence adduced, and the reasonable inferences to be drawn therefrom, support the Special Referee's findings in sustaining Charges One, Two, Three, Four, and Six of the petition. In addition, we find that the respondent's admissions, both under oath and in the pleadings, provide an ample basis to support Charge Five. Therefore, the petitioner's motion is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, the following disciplinary history with respect to the respondent is relevant.

By opinion and order of this Court dated March 26, 2001, the respondent was censured, and his brother and partner, Jerome, was suspended for one year based upon charges involving, inter alia, failure to maintain required bookkeeping records and failure to disburse to clients accrued interest on funds deposited in their attorney escrow account (*see Matter of Gross,* 281 AD2d 67 [2001], *supra*).

On September 23, 1993, the respondent received a letter of caution for settling a landlord-tenant matter without the consent or knowledge of his client, Timothy Webster. On January 25, 1994, the respondent received a letter of caution for failing to reregister as an attorney, as required by the Judiciary Law and Court rules.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT, COZIER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee insofar as it sustained Charges One through Four and Charge Six, and to disaffirm the Special Referee's report insofar as it did not sustain Charge Five of the petition, is granted; and the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Stanley Gross, is suspended from the practice of law for a period of two years, commencing October 26, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Stanley Gross, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the

law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Stanley Gross, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).